```
PRICE LAW GROUP, APC
G. Thomas Martin, III (SBN 218456)
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
tom@plglawfirm.com
```

*Attorney for Plaintiff*
ANNIE M. HOLT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNIE M. HOLT,<br><br>          Plaintiff,<br><br>     vs.<br><br>MEDICREDIT, INC.; and DOES 1 to 10, inclusive,<br><br>          Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br><br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, [CAL. CIV. CODE § 1788]**<br><br>**3. THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

## COMPLAINT FOR DAMAGES

### I.   INTRODUCTION

1.   Annie M. Holt ("Plaintiff") brings this action against MediCredit, Inc. ("Defendant") for violations of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) which states that any action to enforce liability created by the FDCPA may be brought in any appropriate United States district court.  Jurisdiction of this court also arises under 28 U.S.C. §§ 1331, 1337 and 1367.  Pursuant to 28 U.S.C. § 1367, Jurisdiction is further proper as to Plaintiff's RFDCPA claim as it is so related to Plaintiff's FDCPA and TCPA claims that it forms part of the same case or controversy under Article III of the United States Constitution.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because Plaintiff resides in this District, Defendant transacts business in this District and Defendant's collection communications were received by Plaintiff in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

## III.  PARTIES

4. Plaintiff is an individual, residing in Hanford, Kings County, California 93230.  Plaintiff is a natural person obligated or allegedly obligated to pay any debt and, as such, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).  Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.  Thus, Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

5. Defendant is a foreign corporation, registered under the laws of the State of Missouri.  Defendant's principle place of business is 3 City Place Drive, Suite 690, St. Louis, MO 64131.  Pursuant to the California Secretary of State, Defendant's Registered Agent for Service of Process in California is C T

Corporation System, 818 West Seventh Street, 2nd Floor, Los Angeles, CA 90017.

6. Defendant's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due another. Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including, California. Thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c).

8. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV.   FACTUAL ALLEGATIONS

9. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect a debt originally incurred with another creditor ("alleged debt").

10. The alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Thus, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. The alleged debt is money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a

consumer credit transaction, which qualifies as a "consumer debt," as defined by RFDCPA, CAL. CIV. CODE § 1788.2(f).

12. At all times relevant to this action, Defendant owned, operated and/or controlled telephone number 888-444-1786. At all times relevant to this action, Defendant called Plaintiff from, but not limited to, telephone number 888-444-1786.

13. Within one year prior to the filing of this action, Defendant constantly and continuously called Plaintiff on Plaintiff's cellular telephone, number ending in 4546.

14. On or about April 3, 2014, Defendant called Plaintiff on Plaintiff's cellular telephone from Defendant's telephone number 888-444-1786. Plaintiff spoke with a representative of Defendant. Plaintiff notified Defendant that Plaintiff was represented by an attorney. Plaintiff notified Defendant that Plaintiff was a debtor in an active Chapter 7 bankruptcy. Plaintiff requested Defendant cease calling her.

15. Subsequent to April 3, 2014, Defendant called Plaintiff no less than six (6) times.

16. On April 10, 2014, Plaintiff's attorney notified Defendant in writing that Plaintiff was represented by an attorney, that Plaintiff was a debtor in an active Chapter 7 bankruptcy and requested Defendant cease contacting Plaintiff.

17. Subsequent to April 10, 2014, Defendant called Plaintiff no less than four (4) times.

18. Defendant's conduct as described in detail above was done to harass, oppress, or abuse Plaintiffs.

19. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

20. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of

the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

21. At all times relevant to this action, Defendant owned, operated and/or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

22. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

23. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

24. Even assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked when Plaintiff requested in writing that Defendant cease calling Plaintiff on April 3, 2014 and April 10, 2014.

25. Upon information and belief, at no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

26. Upon information and belief, Defendant is not a tax exempt nonprofit organization.

27. Defendant willfully violated the TCPA when it contacted Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an

COMPLAINT FOR DAMAGES

"artificial or prerecorded voice." Defendant's conduct was willful because Plaintiff requested no less than two (2) times that Defendant cease calling Plaintiff. In addition, one of these requests was in writing.

28. Upon information and belief, within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than six (6) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

## V. FIRST CAUSE OF ACTION
### (Violation of the FDCPA, 15 U.S.C. § 1692)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. § 1692(c)(a)(2) by communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; and

(b) Defendant violated 15 U.S.C. § 1692(c)(c) by communicating with the consumer with respect to a debt, after the consumer notifies the debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer; and

(c) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(d) Defendant violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

(e) Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

31. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

32. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

### VI. SECOND CAUSE OF ACTION
### (Violation of the RFDCPA, CAL. CIV. CODE § 1788)

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b) Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c) Defendant violated CAL. CIV. CODE § 1788.14(c) by communicating with a debtor, other than statements of account, after the debt collector has been notified in writing that the debtor is represented by an attorney; and

(d) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of

Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

   (i) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692(c)(a)(2) by communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; and

   (ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692(c)(c) by communicating with the consumer with respect to a debt, after the consumer notifies the debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer; and

   (iii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

   (iv) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

   (v) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

35. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

///

36. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and attorney's fees and costs.

## VII.   THIRD CAUSE OF ACTION

### (Violations of the TCPA, 47 U.S.C. § 227)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Upon information and belief, within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

39. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## VIII.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)     Declaratory judgment that Defendant's conduct violated the FDCPA, RFDCPA and the TCPA pursuant to 28 U.S.C. §§ 2201 and 2202; and

(b)     An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c)     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), CAL. CIV. CODE § 1788.30(a) and 47 U.S.C. § 227(b)(3)(B); and

(d)     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) and CAL. CIV. CODE § 1788.30(b); and

(e)     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(f)     As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(g)     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) and CAL. CIV. CODE § 1788.30(c); and

(h)     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(i)     For such other and further relief as the Court may deem just and proper.

## IX. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: April 25, 2014                    PRICE LAW GROUP, APC


By: /s/ G. Thomas Martin, III
G. Thomas Martin, III
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES